103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tonya COLE, Plaintiff-Appellant,
v.
COUNTY OF SAGINAW; Saginaw County Sheriff's Department;
Tom McIntyre, Sheriff of the County of Saginaw; Daniel
Huff, Captain in the Sheriff's Department in the County of
Saginaw; Harold Huff, Lieutenant in the Sheriff's
Department in the County of Saginaw; Joseph Fliegel,
Sergeant in the Sheriff's Department in the County of
Saginaw, Defendants-Appellees.
 No. 96-1203.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1996.
 
 Before: KENNEDY, BOGGS, and WOOD*, Circuit Judges.
 
 ORDER
 
 1
 Tonya Cole, proceeding pro se, appeals a district court judgment dismissing her complaint filed pursuant to 42 U.S.C. § 2000e-5. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Cole sued the County of Saginaw, Michigan, its sheriff's department, the sheriff, and other sheriff's department employees. Cole asserted that the defendants had subjected her to sexual harassment at the workplace. Upon review of the magistrate judge's report and recommendation and over Cole's objections, the district court granted in part the defendants' first motion to dismiss and dismissed the sheriff's department as a defendant as it was not a separate legal entity. Over the next fifteen months, Cole repeatedly refused to respond to certain discovery requests and delayed her response to other discovery requests, despite two admonitions from the district court to comply or face dismissal. Ultimately, the district court adopted the magistrate judge's recommendation over Cole's objections and granted the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 37 after Cole did not provide tax form releases.
 
 
 3
 In her timely appeal, Cole argues that the district court erred in dismissing the case as her attorney failed to turn over the tax form releases she gave him and as she herself had not been intentionally uncooperative.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion by dismissing the case due to Cole's noncompliance with discovery. See Fed.R.Civ.P. 37; Regional Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988). Cole was able to comply and her noncompliance was willful. See Bank One v. Abbe, 916 F.2d 1067, 1073 (6th Cir.1990). Although she asserts that her noncompliance was the fault of her attorney, the record is to the contrary and shows that she deliberately did not comply. See id. Her actions prejudiced the defendants as they were unable to discover evidence concerning damages. See id. Despite two warnings from the magistrate judge that continuing noncompliance could lead to dismissal, Cole persisted in her refusal to cooperate. See id. Thus, dismissal was warranted.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation